UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RACHEL A. HENDRICKSON, Executrix for    :
the Estate of RUTH M. HIGSON    :
       :
       Plaintiff        :
      v.        :
       :
NORTH BAY MANOR, by and through its General :
Partner, SLC North Bay, Inc.        :
       Defendants        :

C.A. No.: **CA11- 030S**

       :

**Plaintiff Demands a Trial by Jury.**

## COMPLAINT

### Parties

1.    Plaintiff Rachel A. Hendrickson is a citizen of the State of Virginia with a residence in Leesburg, Virginia. She brings this action in her capacity as the Executrix of the Estate of Ruth M. Higson.

2.    Defendant North Bay Manor is sued by and through its general partner, SLC, Inc. which is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 111 E. Wacker Drive, Suite 2400, Chicago, IL.

### Jurisdiction

3.    Jurisdiction is conferred upon this honorable Court pursuant to 28 U.S.C. § 1332(a), this being an action between citizens of different States wherein the amount in controversy exceeds the jurisdictional requirements of this Court, exclusive of interest and costs.

### General Allegations

4.    On or about July 15, 2008, Plaintiff's decedent, Ruth Higson ("Mrs. Higson") was admitted to North Bay Manor.

5.    On or about July 22, 2008 Mrs. Higson fell after complaining of feeling dizzy and hit her head on a metal door frame and cement floor.

6.    Mrs. Higson was taken to the hospital and diagnosed with a subdural hematoma from the fall.

7.    The fall and resulting injury led to neurological, cognitive and functional deterioration, a coma and ultimately Mrs. Higson's death.

## COUNT I

## NEGLIGENCE—MALPRACTICE—DEFENDANT

8.   The allegations set forth in Paragraphs 1 through 7 above are incorporated herein as if set forth again in full.

9.   The foregoing allegations establish that there arose a medical corporation/patient relationship between Mrs. Higson and Defendant North Bay Manor.

10.  As a consequence of the medical corporation/patient relationship referred to in the immediately preceding paragraph, Defendant North Bay Manor owed Mrs. Higson a duty to use the degree of care and skill that is expected of a reasonably competent medical corporation in the same class to which it belonged, acting in the same or similar circumstances.

11.  Defendant North Bay Manor breached the duty of care more fully described above.

12.  As the direct and proximate result of Defendant North Bay Manor's breach of its duty of care, Mrs. Higson suffered personal and emotional injuries including pain and suffering and emotional distress and ultimately death all of which are compensable under the law of the State of Rhode Island

WHEREFORE, Plaintiff demands judgment against Defendant, in an amount which exceeds the jurisdictional requirements of this Court together with interest.

David J. Oliveira, Esq. (#2516)
155 South Main Street, Suite 305
Providence, RI 02903
(401) 274-9191
(401) 274-9190 (fax)
Date: 2/3/11

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

DAVID J. OLIVEIRA, ESQ. (#2516)